NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOEL L. BELING, DBA SUPA CHARACTERS PTY LTD,**
*Appellant*

**v.**

**ENNIS, INC.,**
*Appellee*

---

2015-1157

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Nos. 91203884, 92055374.

---

Decided: June 3, 2015

---

JOEL L. BELING, Dallas, Victoria, Australia, pro se.

DANIEL J. CHALKER, Chalker Flores, LLP, Dallas, TX, for appellee.

---

Before PROST, *Chief Judge,* BRYSON and HUGHES, *Circuit Judges.*

PER CURIAM.

Joel Beling appeals from the Trademark Trial and Appeal Board's dismissal on summary judgment of his petition to cancel Ennis, Inc.'s trademark. Mr. Beling alleged that Ennis's trademark is generic and merely descriptive of Ennis's printing services, and was fraudulently procured. Because Mr. Beling failed to produce evidence sufficient for a reasonable person to find in his favor, we affirm.

I

On May 18, 2011, Mr. Beling filed an application to register COLOR WARS based on his intent to use the mark in commerce. On February 15, 2012, Ennis filed an opposition to Mr. Beling's application, alleging a likelihood of confusion with its trademark, the stylized version of COLORWORX shown below. Ennis had previously registered this mark for "printing services."



On March 25, 2012, in response to Ennis's opposition, Mr. Beling filed a claim to cancel Ennis's registration for COLORWORX. Mr. Beling alleged that Ennis's mark should be cancelled because it was generic, merely descriptive, and inherently incapable of distinguishing Ennis's services[1]; and because Ennis submitted fraudu-

---

[1]   Mr. Beling's "inherently incapable of distinguishing" claim is redundant of his genericness claim. *See In re Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 828 F.2d 1567, 1569 (Fed. Cir. 1987) ("Generic terms, by definition incapable of indicating source, are the antithesis of

lent statements in the registration process. The Board consolidated the opposition and cancellation proceedings on July 13, 2012.

On April 16, 2014, Mr. Beling petitioned this court for a writ of mandamus. *See In re Joel L. Beling*, 562 Fed. Appx. 984 (Fed. Cir. 2014). He asked this court "to direct the [Board] to reopen discovery, to 'create new laws' based on the proposals he suggested before the [Board], to review his requests for disqualification, and to refund certain fees he paid." *Id.* at 985. This court denied the petition, *id.*, as well as Mr. Beling's subsequent petition for rehearing en banc, *In re Joel L. Beling*, No. 14-135 (Fed. Cir. July 22, 2014), ECF No. 9 (order denying rehearing en banc).

Meanwhile, the parties filed cross-motions for summary judgment in the cancellation proceeding. On September 30, 2014, the Board granted Ennis's motion for summary judgment, denied Mr. Beling's cross-motion for summary judgment, and dismissed Mr. Beling's cancellation petition with prejudice. The Board found that Mr. Beling failed to produce evidence to support each element of his fraud claims. The Board also found that Mr. Beling failed to produce any probative evidence of the public's perception of Ennis's mark to support its allegations that the mark was generic or merely descriptive. Finally, the Board denied Mr. Beling's motion to exclude evidence as an estoppel sanction under Fed. R. Civ. P. 37(c)(1). Mr. Beling appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

II

We review the Board's decision to grant or deny summary judgment de novo. *Lens.com, Inc. v. 1-800 Contacts,*

---

trademarks, and can never attain trademark status."). We therefore do not address it separately.

*Inc.*, 686 F.3d 1376, 1378–79 (Fed. Cir. 2012). "Summary judgment is appropriate where the movant has established that there is no genuine issue as to any material fact and that . . . the movant is entitled to judgment as a matter of law." *Lincoln Logs Ltd. v. Lincoln Pre-Cut Log Homes, Inc.*, 971 F.2d 732, 734 (Fed. Cir. 1992) (citations omitted).

### A

A petitioner seeking to cancel a trademark based on fraudulent procurement bears a heavy burden of proof. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009). The petitioner must prove with clear and convincing evidence that the applicant knowingly made a false, material representation, with the intent to deceive the PTO. *Id.* It is not enough that the applicant "should have known" the statement was misleading. *Id.* at 1244.

Here, Mr. Beling alleged that Ennis fraudulently represented that no other party had superior rights to the COLORWORX mark. In support, Mr. Beling points to webpage printouts and PTO records showing separate uses of either COLORWORKS, COLORWORX, or a crosshair design roughly similar to the features in Ennis's stylized mark. Mr. Beling also relies on alleged inconsistencies in Ennis's discovery responses as evidence of a fraudulent scheme.

None of Mr. Beling's evidence suggests that Ennis knew that a confusingly similar mark was already in use or that Ennis intended to deceive the PTO that such marks did not exist. At most, Mr. Beling's evidence of third-party marks might suggest that Ennis should have known that they existed. But to prove fraudulent misrepresentation, a party must show actual knowledge, and Mr. Beling has failed to submit any evidence that tends to show Ennis actually knew the marks existed. To the contrary, Steven Osterloh, Ennis's employee who signed the trademark application, stated in a deposition and an

affidavit that he was unaware of any confusingly similar third-party uses at the time of the application. Further, any inconsistencies in Ennis's discovery responses concerning the first use of Ennis's mark in 2002 were attributable to differences in the questions being asked, and are not relevant to Ennis's knowledge and intent at the time the application was filed in 2005.

Because Mr. Beling did not produce evidence that Ennis actually knew of a confusingly similar third-party mark or intended to deceive the PTO, we affirm the Board's grant of summary judgment on the fraudulent procurement claim.

B

The test for genericness is a two-step inquiry. First, we determine the genus of goods or services at issue. Second, we determine whether the mark in question is understood by the relevant public primarily to refer to that genus of goods or services. *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 990 (Fed. Cir. 1986). The genus at issue here is printing services. The genericness of COLORWORX therefore depends on whether the public would understand the mark to refer primarily to printing services.

A mark is merely descriptive "if it immediately conveys knowledge of a quality, feature, function, or characteristic of the goods or services with which it is used." *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 963 (Fed. Cir. 2007). Descriptiveness must be considered "in relation to the particular goods for which registration is sought, the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods [or services] because of the manner of its use or intended use." *Id.* at 964.

Here, Mr. Beling failed to submit any evidence that the relevant public would understand Ennis's stylized

COLORWORX mark or its literal component to be generic or merely descriptive. Mr. Beling submitted evidence of third-party uses of a cross-hair design and the terms COLORWORKS and COLORWORX. But as the Board recognized, third-party uses of these marks are not probative of whether a consumer would recognize them to possess a meaning that is generic or merely descriptive of Ennis's printing services. Indeed, some of these marks were registered on the principal register, suggesting that the PTO considered these marks not to have generic or merely descriptive meaning. *See* 15 U.S.C. § 1052 (prohibiting registration on principal register of marks that do not distinguish the associated goods or services). Mr. Beling also submitted dictionary definitions for "color" and "works." But Mr. Beling fails to submit any evidence of how the public understands those words when used together in a compound form. *See Princeton Vanguard, LLC v. Frito-Lay N. Am., Inc.*, __ F.3d __, No. 14-1517, 2015 WL 2337417, at *3 (Fed. Cir. May 15, 2015) (noting that to determine whether compound terms are generic, "the Board must consider the record evidence of the public's understanding of the mark as a whole."); *Duo-ProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1252 (Fed. Cir. 2012) ("When determining whether a mark is merely descriptive, the Board must consider the commercial impression of the mark as a whole.").

Because Mr. Beling failed to produce evidence of how the relevant public would understand Ennis's mark as a whole, we agree with the Board that Mr. Beling failed to create a genuine issue of material fact as to whether Ennis's mark is generic or merely descriptive. Accordingly, we affirm the Board's grant of summary judgment on these issues.

### III

We review the Board's evidentiary rulings for abuse of discretion. *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1363 (Fed. Cir. 2012). Mr. Beling argues that the Board erroneously denied his motion to exclude some of Ennis's evidence as an estoppel sanction for failure to produce that evidence in response to discovery requests. *See* Fed. R. Civ. P. 37(c)(1). As the Board found, however, the only evidence not publicly available was Steven Osterloh's affidavit. Mr. Beling has not shown that Mr. Osterloh's affidavit was materially inconsistent with Mr. Osterloh's responses during his deposition. Accordingly, we conclude that the Board did not abuse its discretion in finding that Ennis did not rely on evidence that was improperly withheld from Mr. Beling. We therefore affirm the Board's denial of Mr. Beling's motion to exclude.

### IV

We have considered Mr. Beling's remaining arguments and find them without merit. Accordingly, we affirm the Board's grant of Ennis's motion for summary judgment and dismissal of Mr. Beling's cancellation claim with prejudice.

**AFFIRMED**